## Toler v. Wheeler-Holden Company.

(Decided October 17, 1911.)

### Appeal from Whitley Circuit Court.

Contracts—Merger of Verbal into Written.—Where parties verbally agree to do certain stipulated things, and afterwards a written contract covering the subject matter of the verbal engagements is entered into, the written contract takes the place of the verbal one, and neither party can bring an action for a violation of the verbal contract.

TYE & SILER, SHARP & GATLIFF, STEPHENS & STEELY, for appellant.

K. D. PERKINS for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

The appellant, Toler, a plaintiff below, brought this suit against the appellee company to recover damages for breach of contract. Upon the conclusion of the evidence for the appellant the court directed the jury to return a verdict for the appellee company, and this appeal is prosecuted to obtain a reversal of the judgment.

The cause of action is stated in two paragraphs. The appellant owned two saw mills, and she averred in one paragraph that the appellee company verbally agreed with her that if she would move her saw mills to Whitley County that it would enter into a contract with her, to manufacture all the timber owned by it on King Mountain at prices then agreed upon; that induced by these promises she did move her saw mills to Whitley County, but that in violation of the contract the defendant company refused to permit her to manufacture all the timber it had verbally agreed to, and that the cost of removing the saw mills to the land was $400, and the profits that would have been made if the company had permitted her to saw the timber agreed upon would have been $3,500, for which sums judgment was asked.

In another paragraph the appellant averred that the

company agreed in writing to furnish at the mills sufficient timber to enable her to saw $5,000 feet per day, five days in the week, and that it failed to furnish any timber to be sawed for the period of 65 days, during which time the mills were idle, causing the appellant to sustain a loss of twenty dollars per day, and on account of this breach of contract $1,300 was sought.

The answer was a denial of the averments of the petition.

It appears that some verbal agreements were entered into between the parties in May or June, 1907, and that in July, 1907, a written contract was entered into between them, and this written contract—which is not involved in this case—was fulfilled by both parties. Afterwards, in November, 1907, another written contract was entered into between the parties, in which it was stipulated that the appellant was to locate a saw mill at King's Mountain, to be ready for operation by the 15th of December, 1907. This contract further provided that—

"The second party (Toler) hereby agrees to saw or manufacture all or so much of the oak timber thereon as the first party may desire to have manufactured at said mill, from the following marked and described boundaries of said tract: (then follows a description of the tract.) "And said second party agrees and binds herself to saw or manufacture said timber into switch or railroad cross-ties or either, as the first party may elect, and will make either 8-foot or 8 1-2 feet ties, or both, as the first party may direct or, will saw same or any portion thereof, into either lumber, bill stock, switch ties or railroad cross-ties as may be required by the first party, and according to bills and specifications which may be furnished by the first party from time to time, and will properly pile and stick all of said lumber, bill stock and ties on said mill-yards according to approved methods, and in a manner acceptable to first party, and also to saw out said timber and pile and stick same as above stipulated at the rate of five thousand feet per day, or so much as may be furnished by first party's loggingman, and will work at least five days per week until this contract is completed."

On the trial of the case, the lower court ruled that under this written contract the company was not obliged to furnish at the mill timber, each day, that would make

5,000 feet of lumber or any timber, and consequently the plaintiff could not recover any damages on account of the mill remaining idle, because the company furnished no timber to be sawed. It will be observed that the contract upon this point stipulates that appellant is to saw the lumber "at the rate of five thousand feet per day, or so much as may be furnished by first party's loggingman, and will work at least five days per week until this contract is completed." We think the trial court correctly held that there was no obligation upon the part of the company to furnish timber sufficient to make 5,000 feet of lumber per day. It did not obligate itself to furnish any specified amount on any day, but appellant undertook to saw as much as 5,000 feet per day, provided timber sufficient was furnished. The amount she was required to saw every day depended upon the quantity of timber furnished.

The trial court also ruled that Toler could not recover damages for the expense incurred in moving the mills or the failure of the company to furnish the quantity of timber it agreed to furnish in the verbal arrangement made prior to the making of the written contract. The court was induced to make this ruling upon the theory that all verbal arrangements and agreements were merged in the written contract, and that in the absence of fraud or mistake—and there was no issue of this kind—the rights of the parties were to be determined by the terms of the written contract. In so ruling, we think the court was correct. Under the verbal agreement as set out in the petition, the appellee company was to let appellant saw all the timber it then owned on King Mountain, which it represented would manufacture a specified amount of lumber. But the written contract subsequently entered into expressly provided that appellant should saw or manufacture all or so much of the timber as the appellee desired to have manufactured from the boundary described in the contract. The written contract is elaborately written, and it is apparent that it was intended to take the place of any verbal arrangements theretofore made between the parties, and to constitute the whole agreement between them.

Wherefore, the judgment is affirmed.